Bernadette G. SCHUMANN, Respondent,

v.

INDEPENDENT SCHOOL DISTRICT #880, et al., Relators,

and

Blue Cross and Blue Shield of Minnesota, intervenor, Respondent.

Thomas STEMIG, Employee,

v.

GEORGE BENZ & SONS, INC., d.b.a. Oak Grove Dairy, et al., Relators,

and

Blue Cross and Blue Shield of Minnesota, intervenor, Respondent.

Nos. 48711, 48866.

Supreme Court of Minnesota.

April 13, 1979.

Hansen, Dordell & Bradt and William M. Bradt, St. Paul, for relators.

DeParcq, Anderson, Perl, Hunegs & Rudquist and F. Dean Lawson, Minneapolis, for Schumann.

Robins, Davis & Lyons, Arnold M. Bellis, and John G. Brian, III, St. Paul, for Blue Cross and Blue Shield.

Heard before TODD, WAHL, and KENNEDY, JJ., and considered and decided by the court en banc.

TODD, Justice.

These consolidated appeals concern the rights of medical insurers in workers' compensation claims. The issue presented is whether an intervenor must actively participate in a contested workers' compensation proceeding in order to be entitled to reimbursement of medical benefits it paid on behalf of an employee whose injuries are determined to be occupational. A challenge is also made to the order of the Workers' Compensation Court of Appeals vacating a previous dismissal order relative to intervention by the medical insurance carrier.

We affirm the order allowing the reinstatement of the claim. Further, we note that these proceedings are now governed by the new Rule 18, Workers' Compensation Rules of Practice, effective March 1, 1978. See, also, *Brooks v. A. M. F., Inc.* 278 N.W.2d 310 (Minn.1979), and *Hendrickson v. Central States Insulation, Inc.* 278 N.W. 2d 310 (Minn.1979).

Affirmed.